**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| INTERNET MEDIA CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| vs. ) | |
| ) | |
| CHICAGO TRIBUNE CORPORATION, ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Internet Media Corporation ("Internet Media") makes the following claims for relief against Defendant, Chicago Tribune Corporation ("Chicago Tribune"), as follows:

## NATURE OF LAWSUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1 et seq. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

## PARTIES AND PATENT

2. Plaintiff Internet Media is a Virginia corporation with its principal place of business at 200 Winchester Street, Warrenton, VA 20186. Internet Media owns and has all right, title and interest in United States Patent No. 6,049,835 ("the '835 Patent"), entitled "System For Providing Easy Access To The World Wide Web Utilizing A Published List Of Preselected Internet Locations Together With Their Unique Multi-Digit

Jump Codes," which issued on April 11, 2000.  Hence, Internet Media has the exclusive right to license and enforce the '835 Patent and to collect damages for infringement. Internet Media, thus, has standing to sue for infringement of the '835 Patent.  A copy of the '835 Patent is attached as Exhibit A.  The '835 Patent is generally directed to a system and method for quickly and easily accessing preselected desired addresses or URLs on the Internet.

3. Chicago Tribune Corporation ("Chicago Tribune") is an Illinois corporation with its principal place of business at 435 North Michigan Avenue, Chicago, Illinois 60611.

4. Chicago Tribune transacts business in this judicial district and has committed acts of infringement in this judicial district, at least by the manufacture, use, sale, and offer for sale of, and providing and encouraging the use of its infringing Chicago Tribune QuickFind system through its website www.chicagotribune.com, which infringes at least claims 1 and 11 of the '835 Patent.

5. This Court has personal jurisdiction over Chicago Tribune by virtue of its tortious acts of patent infringement which have been committed in the State of Illinois and in this judicial district, and by virtue of Chicago Tribune's transaction of business in the State of Illinois.

## **VENUE**

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

## **DEFENDANT'S ACTS OF PATENT INFRINGEMENT**

7. Defendant Chicago Tribune has infringed and continues to infringe at least

claim 1 of the '835 Patent through among other activities, the manufacture, use, sale, and offer for sale of its infringing QuickFind system. Such infringing activities have occurred at least by the manufacture, use, sale, and offer for sale of its infringing QuickFind system through its website www.chicagotribune.com, which incorporates at least the invention of claim 1.

8. Defendant Chicago Tribune has infringed and continues to infringe at least claim 11 of the '835 Patent through among other activities, providing and encouraging at least the use of its QuickFind system through its website www.chicagotribune.com, which employs at least the invention of claim 11. Chicago Tribune had actual notice of its infringement of the '835 Patent before this suit was filed, and has acted with the specific intent to induce, contribute to and/or aid and abet direct infringement by others. Hence, Chicago Tribune is knowingly and actively inducing others to infringe, contributing to the infringement of others and/or aiding and abetting direct infringement by others (such as its customers, users and business partners in this judicial district and throughout the United States) through at least such others' use of said products.

9. To the extent required by law, Internet Media has complied with the marking requirements of 35 U.S.C. § 287.

10. Chicago Tribune's infringement, contributory infringement and inducement to infringe have injured Internet Media. Accordingly, Internet Media is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

11. Chicago Tribune's infringement, contributory infringement and inducement to infringe have injured and will continue to injure Internet Media, unless and until this

Court enters an injunction prohibiting further infringement of the '835 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Internet Media asks this Court to enter judgment against Chicago Tribune and against Chicago Tribune's subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

    A.    An award of damages adequate to compensate Internet Media for the infringement that has occurred, together with prejudgment interest from the date infringement of the '835 Patent began;

    B.    An award to Internet Media of all remedies available under 35 U.S.C. § 284;

    C.    An award to Internet Media of all remedies available under 35 U.S.C. § 285;

    D.    A permanent injunction under 25 U.S.C. § 283 prohibiting further infringement, inducement and contributory infringement of the '835 Patent; and,

    E.    Such other and further relief as this Court or a jury may deem proper and just.

## **JURY DEMAND**

Internet Media demands a trial by jury on all issues so triable.

Date:  February 9, 2010

        /s/Timothy J. Haller
        Timothy J. Haller
        haller@nshn.com
        Anna B. Folgers
        afolgers@nshn.com
        NIRO, SCAVONE, HALLER & NIRO
        181 West Madison Street, Suite 4600
        Chicago, Illinois 60602-4515
        Phone: (312) 236-0733
        Fax: (312) 236-3137

**Counsel for Internet Media Corporation**